Joseph Steele, Esq. (#9697)
Brian Stewart, Esq. (#12677)
SIEGFRIED & JENSEN
5664 South Green Street
Salt Lake City, UT 84123
801-266-0999
801-266-1338 (facsimile)

*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ZANE STRATTON, an individual,<br><br>　　Plaintiff,<br><br>vs.<br><br>THOMPSON/CENTER ARMS, INC., SMITH & WESSON CORP., SMITH & WESSON HOLDING COMPANY, CABELA'S, INC., and DOES I-X,<br><br>　　Defendants. | **COMPLAINT**<br><br>Case No.: 4:18-cv-00040-DN<br><br>Judge David Nuffer |

Plaintiff, Zane Stratton, by and through counsel, hereby complains against the above-captioned Defendants, and for cause of action alleges the following:

**PARTIES AND JURISDICTION**

1. Plaintiff Zane Stratton is a resident of Iron County, Utah.

2. Defendant Thompson/Center Arms, Inc. ("TCA") is a New Hampshire corporation with its principal place of business in Springfield, Massachusetts. TCA and its subsidiaries conduct business in the State of Utah.

3. Defendant Smith & Wesson Holding Company ("S&W Holding") is a Nevada corporation with its principal place of business in Springfield, Massachusetts. S&W Holding and its subsidiaries conduct business in the State of Utah.

4. Defendant Smith & Wesson Corp. ("S&W") is a Delaware corporation with its principal place of business in Springfield, Massachusetts. S&W and its subsidiaries conduct business in the State of Utah.

5. Defendant Cabela's Inc. ("Cabela's") is a Delaware corporation with its principal place of business in Sidney, Nebraska. Cabela's and its subsidiaries conduct business in the state of Utah.

6. This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a)(3). This is a civil action and involves, exclusive of interest and costs, a sum in excess of $75,000. Every issue of law and fact in this action is wholly between citizens of different states and in which citizens or subjects of a foreign state are additional parties.

7. Venue is appropriate under 28 U.S.C. § 1391(a)(2) because a substantial part of the events or omissions giving rise to this claim occurred within this district.

**GENERAL ALLEGATIONS**

8. All of the preceding paragraphs are hereby incorporated by reference as if fully set forth herein.

9. TCA, S&W Holding, S&W, and Cabela's are corporations engaged in the business of designing, manufacturing, distributing, and selling firearms.

10. Prior to the accident underlying this complaint, Defendants designed, manufactured, distributed, and sold an Omega 0.50 Caliber Muzzleloading Rifle (the "Muzzleloader"), which was purchased and used by Plaintiff.

11. As part of the Muzzleloader's design, Defendants used a free machining steel containing lead (Pb) or manganese sulfide (MnS) inclusions in the steel microstructure..

12. Free machining steel was developed and is nsed for its relatively low machining cost and ease in manufacturing.

13. Defendants !mew or should have known that a rifle barrel machined from free machining steel would contain long threadlike Pb or MnS inclusions oriented along the axis of the barrel.

14. Defendants knew or should have known that the Pb or MnS inclusions in free machining steel used in a rifle barrel would greatly reduce the fracture toughness or strength of the steel in directions perpendicular to the barrel axis.

15. Defendants knew or should have known that the Muzzleloader's barrel contained Pb or MnS inclusions which would greatly reduce the fracture toughness or strength of the steel in directions perpendicular to the barrel axis

16. As part of the manufacture of the Muzzleloader, Defendants caused several holes to be drilled and threaded along the bottom of that barrel, allowing for the attachment of a stock. These holes traversed 71-87% of the barrel's wall.

17. Defendants knew or should have known that the depths of these holes were not manufactured in accordance with design specifications and would cause the Muzzleloader's barrel to be unreasonably dangerous and defective.

18. After designing and manufacturing the Muzzleloader with these characteristics, Defendants released it into the stream of commerce

19. On information and belief, some time during 2006 or 2007, Cabela's in Lehi, Utah sold the Muzzleloader to Jerron Glazier.

20. Mr. Glazier then sold the Muzzleloader to Plaintiff some time in 2012.

21. At the time Plaintiff purchased the Muzzleloader from Mr. Glazier, it had been properly maintained and had not been modified but was in substantially the same condition as it was when originally designed, manufactured, distributed, and sold by Defendants.

22. On September 6, 2016, Plaintiff took the Muzzleloader to shoot in preparation for the hunting season.

23. Plaintiff loaded the Muzzleloader with 110 grains black powder volumetric equivalent of Blackthorn 209 powder. The Muzzleloader's owner's manual advised Plaintiff that he may use up to 150 grains black powder or a black powder volumetric equivalent.

24. After properly loading the Muzzleloader, Plaintiff took aim and pulled the trigger.

25. The Muzzleloader then exploded in Plaintiff's hands, severely injuring him.

26. Upon information and belief, the failure in the Muzzleloader's barrel initiated at a point where a Ph or MnS inclusion intersected with a drill hole that traversed approximately 87% of the barrel wall and the failure continued along inclusions the inclusions in the steel, causing a catastrophic failure of the Muzzleloader's barrel.

27. Plaintiff suffered severe and permanent injuries as a result of the Muzzleloader's failure.

## **FIRST CAUSE OF ACTION**
(Strict Product Liability – All Defendants)

28. All of the preceding paragraphs are hereby incorporated by reference as if fully set forth herein.

29. The Muzzleloader was a finished assembled product that was sold in an unreasonably dangerous and defective condition. Those defects include, without limitation, the following:

    a. Defects in the design of the Muzzleloader;

    b. Defects in the manufacture of the Muzzleloader;

    c. Defects in the warning or labels accompanying the Muzzleloader; and

    d. Other defects to be proven at trial.

30. The Muzzleloader reached Plaintiff without substantial change or modification of the unreasonably and defective condition, which existed at the time of the initial sale by the Defendants.

31. Defendants knew or should have known that the Muzzleloader was unreasonably dangerous and defective and likely to cause severe injuries to users.

32. The defective condition of the Muzzleloader was the direct and proximate cause of the sudden explosion of the Muzzleloader and Plaintiff's injuries.

33. Accordingly, Defendants are strictly liable in product liability for the damages suffered by Plaintiff.

## SECOND CAUSE OF ACTION
(Negligence—All Defendants)

34. All of the preceding paragraphs are hereby incorporated by reference as if fully set forth herein.

35. Defendants were negligent, reckless, and/or careless in the design, manufacture, assembly, testing, and/or sale of the Muzzleloader used by Mr. Stratton on September 26, 2016,, in one or more of the following ways:

   a. Improper selection, handling, machining, and/or assembly of the materials and components of the Muzzleloader;

   b. Inadequate and unsafe material specifications, strength characteristics and operational integrity of the components of the entire Muzzleloader;

   c. Inadequate testing and safety engineering of the Muzzleloader;

   d. Inadequate warnings, instructions, directions, and cautions; and,

   e. Other acts of negligence to be proven at trial.

36. The Defendants' negligence in designing, manufacturing, assembling, testing, and/or selling the Muzzleloader were the direct and proximate cause of the sudden explosion of the Muzzleloader and Plaintiff's injuries.

37. Defendants knew or should have known that their negligence in designing, manufacturing, and selling the Muzzleloader was likely to cause severe injuries to users.

38. Defendants are liable for the damages suffered by Plaintiff.

## THIRD CAUSE OF ACTION
(Breach of Express Warranties—All Defendants)

39. All of the preceding paragraphs are hereby incorporated by reference as if fully set forth herein.

40. Defendants expressly warranted that the Muzzleloader was free from defects.

41. Defendants knew or should have known that the Muzzleloader was unreasonably dangerous and defective and likely to cause severe injuries to users.

42. Defendants breached their express warranties, and that breach directly and proximately caused the sudden explosion of the Muzzleloader and Plaintiff's resulting injuries.

## FOURTH CAUSE OF ACTION
(Breach of Implied Warranty of Merchantability—All Defendants)

43. All of the preceding paragraphs are hereby incorporated by reference as if fully set forth herein.

44. Defendants were merchants with respect to the type of goods that included the Muzzleloader, and implicitly warranted that the Rifle was merchantable.

45. Defendants knew or should have known that the Muzzleloader was defective and not merchantable and likely to cause severe injuries to users.

46. Defendants breached their implied warranty of merchantability, and that breach directly and proximately caused the explosion of the Muzzleloader and Plaintiff's resulting injuries.

## FIFTH CLAIM FOR RELIEF
(Breach of Implied Warranty of Fitness for a Particular Purpose—All Defendants)

47. All of the preceding paragraphs are hereby incorporated by reference as if fully set forth herein.

48. Defendants had reason to know (A) the particular purpose for which the Muzzleloader would be used, and (B) the reliance, by Plaintiff, on Defendants' skill and judgment to provide a suitable product.

49. Defendants implicitly warranted that the Muzzleloader was fit for the particular purpose for which it was required.

50. Defendants knew or should have known that the Muzzleloader was defective and not fit for its particular purpose and was likely to cause severe injuries to users.

51. Defendants breached their implied warranty of fitness for a particular purpose, and that breach directly and proximately caused the explosion of the Muzzleloader and Plaintiff's resulting injuries.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendants as follows:

(a) For economic damages in an amount to be determined at trial;

(b) For non-economic damages in an amount to be determined at trial;

(c) For costs, interest and attorney fees to the extent allowed by law;

(d) For Punitive Damages; and

(e) For such other relief as the Court deems appropriate.

DATED this 18th day of June, 2018.

**SIEGFRIED & JENSEN**

/s/ Brian C. Stewart
Brian C. Stewart

Plaintiff's Address:
Zane Stratton
c/o Siegfried & Jensen
Brian Stewart
5664 South Green Street
Salt Lake City, UT  84123