Robert L. Janicki, #5493
Lance H. Locke, #9440
STRONG & HANNI
9350 South 150 East, Suite 820
Sandy, UT  84070
Telephone: 801-532-7080
rjanicki@strongandhanni.com
llocke@strongandhanni.com

Barry B. Sutton, admitted *pro hac vice*
Elisse S. Thompson, admitted *pro hac vice*
CLARK HILL PLC
151 South Old Woodward Ave., Ste. 200
Birmingham, MI 48009
Sutton Phone: (313) 965-8577
Anderson Phone: (248) 530-6334
bsutton@clarkhill.com
ethompson@clarkhill.com

*Attorneys for Defendant Cabela's Wholesale, LLC*

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH**

**SOUTHERN REGION, CENTRAL DIVISION**

| | |
|---|---|
| ZANE STRATTON, an individual,<br><br>    Plaintiff,<br><br>vs.<br><br>THOMPSON CENTER ARMS, INC., SMITH & WESSON CORP., SMITH & WESSON HOLDING COMPANY, CABELA'S WHOLESALE, LLC., and DOES I-X,<br><br>    Defendants. | **DEFENDANT CABELA'S WHOLESALE, LLC'S ANSWER TO FIRST AMENDED COMPLAINT**<br><br>Case No: 4:18-cv-00040<br><br>Judge David Nuffer<br>Magistrate Judge Dustin B. Pead |

NOW COMES Defendant, Cabela's Wholesale, LLC (hereinafter "Defendant"), by and through its counsel and responds to Plaintiff's First Amended Complaint ("Complaint") as follows:

# RESPONSES TO SPECIFIC ALLEGATIONS OF FIRST AMENDED COMPLAINT

## PARTIES AND JURISDICTION

1. Defendant is without sufficient information to either admit nor deny the allegations contained in paragraph 1 of the Complaint.

2. Defendant is without sufficient information to either admit nor deny the allegations contained in paragraph 2 of the Complaint.

3. Defendant is without sufficient information to either admit nor deny the allegations contained in paragraph 3 of the Complaint.

4. Defendant is without sufficient information to either admit nor deny the allegations contained in paragraph 4 of the Complaint.

5. Denied. Cabela's Wholesale, LLC is a Nebraska limited liability company, with its principal office in the state of Nebraska. The sole member of Cabela's Wholesale, LLC is Cabela's LLC, a Delaware limited liability company, with its principal office in the state of Nebraska. The sole member of Cabela's LLC is ASHCO, Inc., a Delaware corporation, with its principal office in the state of Missouri.

6. Defendant is without sufficient information to either admit nor deny the allegations contained in paragraph 6 of the Complaint.

7. Defendant is without sufficient information to either admit nor deny the allegations contained in paragraph 7 of the Complaint.

## GENERAL ALLEGATIONS

8. Defendant incorporates by reference each and every answer heretofore set forth in the paragraphs 1 through 7.

9. It is denied that Cabela's manufactures or designs firearms. As to the remainder of paragraph 9, Defendant is without sufficient information to either admit nor deny the allegations contained in paragraph 9 of the Complaint.

10. It is denied that Cabela's designed or manufactured an Omega .50 caliber muzzleloading rifle. As to the remainder of paragraph 10, Defendant is without sufficient information to either admit nor deny the allegations contained in paragraph 10 of the Complaint.

11. Denied.

12. Denied.

13. Denied.

14. Denied.

15. Denied.

16. Denied.

17. Denied.

18. Denied.

19. Defendant is without sufficient information to either admit nor deny the allegations contained in paragraph 19 of the Complaint.

20. Defendant is without sufficient information to either admit nor deny the allegations contained in paragraph 20 of the Complaint.

21. Defendant is without sufficient information to either admit nor deny the allegations contained in paragraph 21 of the Complaint.

22. Defendant is without sufficient information to either admit nor deny the allegations contained in paragraph 22 of the Complaint.

23. Defendant is without sufficient information to either admit nor deny the allegations contained in paragraph 23 of the Complaint.

24. Defendant is without sufficient information to either admit nor deny the allegations contained in paragraph 24 of the Complaint.

25. Defendant is without sufficient information to either admit nor deny the allegations contained in paragraph 25 of the Complaint.

26. Defendant is without sufficient information to either admit nor deny the allegations contained in paragraph 26 of the Complaint.

27. Defendant is without sufficient information to either admit nor deny the allegations contained in paragraph 27 of the Complaint.

WHEREFORE, Defendant Cabela's Wholesale Inc. requests this Court enter a judgment of no cause and dismiss this action with prejudice together with costs and attorney fees so wrongfully incurred.

## FIRST CAUSE OF ACTION
### (Strict Product Liability - All Defendants)

28. Defendant incorporates by reference each and every answer heretofore set forth in the paragraphs 1 through 27.

29. Denied. (a) – (d) denied.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

4

WHEREFORE, Defendant Cabela's Wholesale Inc. requests this Court enter a judgment of no cause and dismiss this action with prejudice together with costs and attorney fees so wrongfully incurred.

## SECOND CAUSE OF ACTION
### (Negligence – All Defendants)

34. Defendant incorporates by reference each and every answer heretofore set forth in the paragraphs 1 through 33.

35. Denied. (a) – (e) denied.

36. Denied.

37. Denied.

38. Denied.

WHEREFORE, Defendant Cabela's Wholesale Inc. requests this Court enter a judgment of no cause and dismiss this action with prejudice together with costs and attorney fees so wrongfully incurred.

## THIRD CAUSE OF ACTION
### (Breach of Express Warranty – All Defendants)

39. Defendant incorporates by reference each and every answer heretofore set forth in the paragraphs 1 through 38.

40. Denied.

41. Denied.

42. Denied.

WHEREFORE, Defendant Cabela's Wholesale Inc. requests this Court enter a judgment of no cause and dismiss this action with prejudice together with costs and attorney fees so wrongfully incurred.

## FOURTH CAUSE OF ACTION
### (Breach of Implied Warranty of Merchantability – All Defendants)

43. Defendant incorporates by reference each and every answer heretofore set forth in the paragraphs 1 through 42.

44. Defendant is without sufficient information to either admit nor deny the allegations contained in paragraph 44 of the Complaint.

45. Denied.

46. Denied.

WHEREFORE, Defendant Cabela's Wholesale Inc. requests this Court enter a judgment of no cause and dismiss this action with prejudice together with costs and attorney fees so wrongfully incurred.

## FIFTH CLAIM FOR RELIEF
### (Breach of Implied Warranty of Fitness for a Particular Purpose – All Defendants)

47. Defendant incorporates by reference each and every answer heretofore set forth in the paragraphs 1 through 46.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

WHEREFORE, Defendant Cabela's Wholesale Inc. requests this Court enter a judgment of no cause and dismiss this action with prejudice together with costs and attorney fees so wrongfully incurred.

**PRAYER FOR RELIEF**

Defendant denies each and every claim for relief asserted by Plaintiff in his Prayer for Relief.

**SPECIAL AND/OR AFFIRMATIVE DEFENSES**

**FIRST DEFENSE**

Comes now the Defendant and for its answer and first defense to Plaintiff's petition states that the Plaintiff's action is barred by the applicable statute of limitations, including, but not limited to, Utah Code Ann. § 78B-6-706.

**SECOND DEFENSE**

Comes now the Defendant and for its answer and second defense to Plaintiff's petition states that the petition fails to state a claim upon which relief can be granted.

**THIRD DEFENSE**

Comes now the Defendant and for its answer and third defense to Plaintiff's petition states that the Plaintiff had a duty to mitigate damages and may have failed to do so.

**FOURTH DEFENSE**

Comes now the Defendant and for its answer and fourth defense to Plaintiff's petition states that the Plaintiff may have failed to exercise reasonable care and caution for Plaintiff's own safety and such conduct was the sole and/or contributing cause of Plaintiff's own injuries and damages alleged.

**FIFTH DEFENSE**

Comes now the Defendant and for its answer and fifth defense to Plaintiff's petition states that the Plaintiff may have been negligent, contributory negligent, and/or comparatively negligent in the incident in that Plaintiff failed to act as a reasonably prudent person would under

the circumstances, failed to take precautions for Plaintiff's own safety and/or in general failed to exercise the reasonable degree of care for the circumstances then and there existing proximately resulting in the alleged injuries as will be more fully developed prior to the conclusion of discovery and prior to the trial of this matter.

## SIXTH DEFENSE

Comes now the Defendant and for its answer and sixth defense to Plaintiff's petition states that Defendant may prove that there was intervening and superseding negligence of others including the Plaintiff and others unknown to Defendant at this time such that the injuries or damages suffered by the Plaintiff may have been caused in whole or in part by the acts or omissions of the Plaintiff, and/or by other non-parties so that the alleged injuries and damages suffered by the Plaintiff were not proximately caused by the acts or omissions of Defendant.

## SEVENTH DEFENSE

Comes now the Defendant and for its answer and seventh defense to Plaintiff's petition states that Plaintiff's claims are barred in whole or in part because Plaintiff has failed to name as a party to this suit all persons and/or entities against whom a finding of fault is properly directed.

## EIGHTH DEFENSE

Comes now the Defendant and for its answer and eighth defense to Plaintiff's petition states that Plaintiff's claims are barred in whole or in part because the comparative fault of Plaintiff may be greater than the aggregate fault of persons, whether or not parties to this action.

## NINTH DEFENSE

Further answering, Defendant avers that Defendant should not be responsible to Plaintiff for damage or injury to Plaintiff's person or real or personal property which existed prior to the events alleged in Plaintiff's petition or which occurred subsequent to the events alleged in

Plaintiff's petition, and which were not caused by the actions of Defendant and/or which did not result from the alleged incident.

### TENTH DEFENSE

Comes now the Defendant and for its answer and tenth defense to Plaintiff's petition states that when the product left the control of Defendant, the benefits associated with the product design of which Plaintiff complains exceeded the foreseeable risks associated with that design.

### ELEVENTH DEFENSE

Comes now the Defendant and for its answer and eleventh defense to Plaintiff's petition states that when the product left the control of Defendant, the design of the subject product conformed to all applicable public, and private and/or industry standards.

### TWELFTH DEFENSE

Comes now the Defendant and for its answer and twelfth defense to Plaintiff's petition states that when the subject product left the control of Defendant, a practical and technically feasible alternative design was not available that would have prevented the harm for which Plaintiff seeks damages without substantially impairing the usefulness or intended purpose of the product.

### THIRTEENTH DEFENSE

Comes now the Defendant and for its answer and thirteenth defense to Plaintiff's petition states that Plaintiff seeks to recover for injuries that were caused by an inherent characteristic of the product which is a generic part of the product that cannot be eliminated without substantially compromising the products usefulness or desirability and which is recognized by the ordinary person with the ordinary knowledge common to the community.

### FOURTEENTH DEFENSE

Comes now the Defendant and for its answer and fourteenth defense to Plaintiff's petition states that Plaintiff's abuse and/or misuse of the product at issue constituted the cause, sole proximate cause or intervening or superseding cause of the damages Plaintiff seeks to recover.

### FIFTEENTH DEFENSE

Comes now the Defendant and for its answer and fifteenth defense to Plaintiff's petition states that Plaintiff's claims are barred, in whole or in part, because Plaintiff assumed an appreciated, known or obvious risk to his own safety.

### SIXTEENTH DEFENSE

Comes now the Defendant and for its answer and sixteenth defense to Plaintiff's petition states that the risk of harm of which Plaintiff complains was open and obvious and/or a matter of common knowledge, or it should have otherwise been aware of the risk and/or that Plaintiff assumed any risk associated with the use of the subject product.

### SEVENTEENTH DEFENSE

Comes now the Defendant and for its answer and seventeenth defense to Plaintiff's petition states that the product about which Plaintiff complains was materially altered and/or modified after it left the control of Defendant, and Plaintiff's claims are therefore barred under Utah Code Ann. § 78B-6-705 and § 78B-6-703.

### EIGHTEENTH DEFENSE

Comes now the Defendant and for its answer and eighteenth defense to Plaintiff's petition states that the product conformed with generally recognized state of the art applicable to the safety of the product at the time the product was designed, manufactured, packaged and labeled.

### NINETEENTH DEFENSE

Comes now the Defendants and for its answer and nineteenth defense to Plaintiff's petition states that all claims of Plaintiff are barred by legal and equitable estoppel.

### TWENTIETH DEFENSE

Comes now the Defendant and for its answer and twentieth defense to Plaintiff's petition states that Plaintiff's claim is barred based on his assumption of the risk.

### TWENTY-FIRST DEFENSE

Comes now the Defendant and for its answer and twenty-first defense to Plaintiff's petition states that Defendant breached no express or implied warranties pertaining to this product.

### TWENTY-SECOND DEFENSE

Comes now the Defendant and for its answer and twenty-second defense to Plaintiff's petition states that the Plaintiff's claim is barred because the product complied with applicable governmental or voluntary requirements.

### TWENTY-THIRD DEFENSE

Comes now the Defendant and for its answer and twenty-third defense to Plaintiff's petition states that Plaintiff's claims are barred by waiver, release, satisfaction, discharge or by other operation of law and they have forfeited any and all claims they may have against Defendant.

### TWENTY-FOURTH DEFENSE

Comes now the Defendant and for its answer and twenty-fourth defense to Plaintiff's petition states that the actions of a potential nonparty were the cause, in whole or in part, of any of the Plaintiff's alleged injuries.

**TWENTY-FIFTH DEFENSE**

Comes now the Defendant and for its answer and twenty-fifth defense to Plaintiff's petition states that Defendants reserve the right to amend, delete, add or alter the special and/or affirmative defenses during the course of discovery and trial of this matter.

**TWENTY-SIXTH DEFENSE**

Comes now the Defendant and for its answer and twenty-sixth defense to Plaintiff's petition states that to the extent that the evidence should show that Plaintiff by ordinary care could have avoided the consequences to himself caused by any alleged negligence on the part of Defendant (any such negligence on the part of Defendant being expressly denied) Plaintiff would not be entitled to recover or any recovery would be subject to reduction. Specifically, without limiting the generality of the foregoing, Defendant affirmatively pleads and preserves the defenses of contributory and comparative negligence, assumption of the risk and the doctrine of avoidance, and Defendant is entitled to have all responsible parties' fault compared pursuant to Utah Code Ann. § 78B-5-817, et seq.

**TWENTY-SEVENTH DEFENSE**

Comes now the Defendant and for its answer and twenty-seventh defense to Plaintiff's petition states that to the extent that discovery supports the same, Defendant asserts the defenses of product abuse, produce misuse, and/or production modification.

**TWENTY-EIGHTH DEFENSE**

Comes now the Defendant and for its answer and twenty-eighth defense to Plaintiff's petition states that any warnings given by Defendant was adequate and/or any failure to warn was not the proximate cause of any alleged injury.

## TWENTY-NINTH DEFENSE

Further answering, Defendant aver that plaintiff's damages, which are denied by this Defendant, were caused in whole or in part by events which preceded or were subsequent to the incident which is the subject of Plaintiff's petition.

## THIRTIETH DEFENSE

Further answering, Defendant avers that Plaintiff's damages should be assessed based upon the actual value of the damages based upon the actual amounts paid to satisfy the costs of the services or materials provided.

## THIRTY-FIRST DEFENSE

Further answering, Defendant avers that any verdict rendered and/or judgment entered in this matter on behalf of plaintiff should be reduced by all applicable settlements with any and all co-defendants, other tort-feasors, and/or insurance carriers or any other person, firm or corporation alleged to be liable for Plaintiff's claimed damages; and this Defendant reserves the right of credit or set-off for any amounts paid to, or for settlement or settlements or payment of damages to the plaintiff by any other parties or entities, settling tort-feasors or other non-collateral sources arising out of the subject incident or injuries or damages alleged by Plaintiff.

## THIRTY-SECOND DEFENSE

Comes now the Defendant and for its answer and twenty-eighth defense to Plaintiff's petition states that Plaintiff's claim, inclusive of strict liability, against a wholesaler, distributor, or retailer is barred by the innocent retailer defense as it was not involved in the design, manufacturing, testing etc. of the alleged product.

## THIRTY-THIRD DEFENSE

All or part of Plaintiff's case barred by the Protection of Lawful Commerce In Arms Act ("PLCAA") 15 U.S.C. §§ 7901-7903, *et. Seq*. and all of its provisions.

## THIRTY-FOURTH DEFENSE

All or part of Plaintiff's case barred by the National Firearms Act and/or state statute provisions.

## THIRTY-FIFTH DEFENSE

Punitive damages in this case are prohibited by at least the following provisions of the United States and Utah Constitutions:

> The due process clauses (including substantive and procedural due process) of the Fifth and Fourteenth Amendments to the United States Constitution, and Article I § 7 of Utah Constitution;
>
> The taking clauses of the Fifth and Fourteenth Amendments to the United States Constitution, and Article I § 22 of the Utah Constitution;
>
> The equal protection clauses of the Fourteenth Amendment to the United States Constitution, and Article I § 24 of the Utah Constitution;
>
> The prohibitions against excessive fines and punishments contained in the Eighth Amendment to the United States Constitution, and Article I § 9 of the Utah Constitution;
>
> The rights given accuseds by the Fifth and Sixth Amendments to the United States Constitution, and Article I §§ 12, 13 of the Utah Constitution;
>
> The prohibition of ex post facto laws contained in Article I § 18 of the Utah Constitution; and
>
> The open courts provision, Article I § 11 of the Utah Constitution;

Among the reasons an award of punitive damages in this case would violate these and other provisions of the United States and Utah Constitutions are the following:

> The standards of conduct and standards for awarding punitive damages are vague and ambiguous;

Plaintiff seeks to punish this answering Defendant for the acts of another;

This answering Defendant may be repeatedly punished for the same conduct;

This answering Defendant has not been given the same protections and guarantees as criminal defendants, such as protection from self-incrimination, jury trial in the location of the alleged wrongful conduct, charge upon adequately detailed information, proof beyond a reasonable doubt, etc.;

The state's power to punish is not invoked for the purpose of serving the public good, nor is it controlled by prosecutorial discretion, but rather, the state's power is invoked unchecked, for the private purpose of retribution and greed; and

The threat of punishment will be used to chill this answering Defendant access to open courts and extort a favorable civil resolution.

At a minimum, this answering Defendant must be given the protections and guarantees of an accused under criminal law.

Plaintiff is not entitled to a jury as to the amount of punitive damages.

## THIRTY-SIXTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by a lack of privity.

## THIRTY-SEVENTH DEFENSE

Defendant has or may have other affirmative defenses which are not known at this time, but which may be ascertained through future discovery herein. Defendant reserves the right to assert each and every affirmative defense which may be ascertained through future discovery herein.

Wherefore, Defendant Cabela's Wholesale, LLC, having fully answer Plaintiff's First Amended Complaint, hereby prays that Plaintiff's First Amended Complaint be dismissed, that Plaintiff take nothing thereby, that Defendant recover its costs of court and such other and further relief as the Court finds just and equitable.

## **JURY DEMAND**

Defendant, Cabela's Wholesale, LLC hereby demands a trial by jury in the above-captioned matter.

Respectfully submitted this 24th day of August, 2018.

STRONG & HANNI

/S/ Lance H. Locke
Robert L. Janicki
Lance H. Locke
*Attorneys for Cabela's Wholesale, LLC*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 24th day of August, 2018, a true and correct copy of **DEFENDANT CABELA'S WHOLESALE, LLC'S ANSWER TO FIRST AMENDED COMPLAINT** was electronically filed with the Clerk of this Court using the CM/ECF system which will send notification to:

| | |
|---|---|
| Joseph W. Steele, V<br>Brian C. Stewart<br>SIEGFRIED & JENSEN<br>5664 South Green Street<br>Salt Lake City, UT 84123<br>joe@sjatty.com<br>brian@sjatty.com<br>*Attorneys for Plaintiff* | Anthony Pisciotti<br>Clifford M. Laney<br>Danny C. Lallis<br>PISCIOTTI MALSCH<br>445 Hamilton Ave., Ste. 1102<br>White Plains, NY 10601<br>apisciotti@pmlegalfirm.com<br>laney@pmlegalfirm.com<br>dlallis@pmlegalfirm.com<br>*Attorneys for Thompson/Center Arms, Inc.,<br>Smith & Wesson Corp. and Smith & Wesson<br>Holding Company* |
| Gary L. Johnson<br>Tyler Anne Dever<br>RICHARDS BRANDT MILLER NELSON<br>Wells Fargo Center, 15th Floor<br>299 South Main Street<br>PO Box 2465<br>Salt Lake City, Utah 84110-2465<br>Gary-johnson@rbmn.com<br>Tyler-dever@rbmn.com<br>*Attorneys for Thompson/Center Arms, Inc.,<br>Smith & Wesson Corp. and Smith &<br>Wesson Holding Company* | |

/S/ Heidi McEwen