IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| ZANE STRATTON, and individual,<br><br>Plaintiff,<br><br>v.<br><br>THOMPSON/CENTER ARMS, INC.; SMITH &WESSON CORP.; SMITH & WESSON HOLDING COMPANY; CABELA'S INC., and DOES 1-X,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER MOOTING IN PART AND DENYING IN PART [66] PLAINTIFF'S SHORT FORM MOTION TO COMPEL INTERROGATORY RESPONSES AND DOCUMENTS<br><br>Case No. 4:18-cv-40-DN-PK<br><br>District Judge David Nuffer<br><br>Magistrate Judge Paul Kohler |

Plaintiff Zane Stratton ("Plaintiff") moved for an order (the "Motion")[1] compelling Defendant Thompson/Center Arms ("Thompson") to produce documents identified in initial disclosures and to provide complete responses to interrogatories and requests for production.

After Plaintiff filed the Motion, in which Plaintiff demonstrated that Plaintiff attempted to meet and confer and obtain the requested information in good faith,[2] Thompson provided a responsive letter ("Letter") to Plaintiff's request. The Letter clarified the status of documents identified in its initial disclosures and provided supplemental responses to the interrogatories and requests for production.[3] Thompson then filed an opposition to the Motion ("Opposition"),[4] in

---

[1] Plaintiff's Short Form Motion to Compel Interrogatory Responses and Documents, docket no. 66, filed April 17, 2019.

[2] Motion, Exhibit C, docket no. 66-3, filed April 17, 2019; Motion, Exhibit D, docket no. 66-4, filed April 17, 2019.

[3] Defendant Thompson/Center Arms, LLC's Opposition to Plaintiff's Short Form Motion to Compel Interrogatory Responses and Documents, Exhibit A, Piscotti Letter, docket no. 67-1, filed April 24, 2019.

[4] Defendant Thompson/Center Arms, LLC's Opposition to Plaintiff's Short Form Motion to Compel Interrogatory Responses and Documents, docket no. 67, filed April 24, 2019.

which Thompson raised objections to two of the interrogatories and to one request for production.[5]

District Judge David Nuffer referred this case to Magistrate Judge Paul Kohler under 28 U.S.C. 28 U.S.C. § 636(b)(1)(A).[6] After reviewing the Motion and the Opposition, oral argument—although requested[7]—is determined to be unnecessary and the Motion will be resolved on the provided briefing under DUCivR 7-1(f). Because the Letter addresses the majority of the subject request of the Motion and because Thompson's asserted objections are sustained, the Motion is MOOTED IN PART and DENIED IN PART.

"When ruling upon a motion to compel, the court generally considers those objections which have been timely asserted and relied upon in response to the motion."[8] At the outset, it must be noted that Thompson's responsive Letter—although provided after Plaintiff had to file the Motion—renders much of the Motion moot. Thompson has provided the majority of the requested additional information (or explained why that information has already been provided or was in Plaintiff's possession from the outset) and expanded responses that Plaintiff sought after in the Motion.

But Thompson has asserted objections to Plaintiff's Interrogatories nos. 4 and 9 and Request for Production no. 4.[9] The following decision will therefore only focus on resolving these few objections and determining whether Thompson should be compelled to respond. Again, due to Thompson's Letter, the remainder of the Motion will be mooted.

---

[5] Opposition at 2, 3.

[6] Docket Text Order Referring Case, docket no. 12, filed June 27, 2018.

[7] Opposition at 4.

[8] *Cotracom Commodity Trading Co. v. Seaboard Corp.*, 189 F.R.D. 655, 662 (D. Kan. 1999).

[9] Opposition at 2, 3.

The Tenth Circuit has established that a district court becomes involved in discovery "when a party objects that discovery goes beyond that relevant to the claims or defenses[.]"[10] In resolving these objections, the district court:

> [H]as discretion in determining what the scope of discovery should be. The actual scope of discovery should be determined according to the reasonable needs of the action. The court may permit broader discovery in a particular case depending on the circumstances of the case, the nature of the claims and defenses, and the scope of the discovery requested.[11]

Here, Plaintiff's claims against Thompson arise out of injuries that Plaintiff suffered when the barrel of a muzzleloader rifle—an Omega 0.50 Caliber Muzzleloading Rifle to be exact[12]—exploded in Plaintiff's hands.[13] Plaintiff alleges in the Complaint that the barrel exploded because of defects in the rifle's design and manufacturing.[14] Plaintiff's Interrogatory No. 4 "requested model names/numbers of all Thompson muzzleloader rifles with barrels made of the same metal as the subject rifle."[15] Plaintiff's Interrogatory No. 9 and Request No. 4 requested information and documents concerning barrel failures of Thompson muzzleloaders."[16]

As to Interrogatory No. 4, Thompson objected on the grounds that Plaintiff's request pertains to firearms of dissimilar design from the Omega 0.50 Caliber rifle, specifically that these other firearms feature differing barrel thicknesses, lengths, and dimensions.[17] In response to Interrogatory No. 9 and Request No. 4, Thompson did provide information as to other similar

---

[10] *In re Cooper Tire & Rubber Co.*, 568 F.3d 1180, 1188 (10th Cir. 2009)

[11] *Id.* at 1189 (internal citation and quotation omitted).

[12] First Amended Complaint ¶ 10.

[13] *Id.* ¶¶ 24-27.

[14] *Id.* ¶¶ 29-33.

[15] Motion at 2.

[16] *Id.*

[17] Opposition at 2

3

incidents involving Omega 0.50 Caliber rifles.[18] But Thompson objected that the request to produce similar information as to *any* other rifles Thompson has manufactured is overbroad.[19] Thompson also objected to these requests on the grounds that Plaintiff's demand regarding these other firearms was not limited in scope or time.[20]

In products liability cases, when a party requests information during discovery regarding other products or incidents, it must be determined whether the request seeks information that is "substantially similar" to the incident that is the focus of the complaint.[21] As the Tenth Circuit has explained:

> Substantial similarity depends upon the underlying theory of the case. Evidence proffered to illustrate the existence of a dangerous condition necessitates a high degree of similarity because it weighs directly on the ultimate issue to be decided by the jury. The requirement of substantial similarity is relaxed, however, when the evidence of other incidents is used to demonstrate notice or awareness of a potential defect. Any differences in the accidents not affecting a finding of substantial similarity go to the weight of the evidence.[22]

The "underlying theory of the case" is the key language here as other courts have understood this to mean that discovery of "substantially similar" incidents is limited to those involving the same product model that is the subject of a products liability complaint.[23]

Here, Plaintiff's complaint focuses on one particular model of muzzleloading rifle, the Omega 0.50 Caliber Muzzleloading Rifle. Because of this, it is appropriate to conclude that discovery should be limited to information pertaining to similar incidents regarding *this* model of

---

[18] *Id.* at 3.

[19] *Id.*

[20] *Id.* at 2, 3.

[21] *Four Corners Helicopters, Inc. v. Turbomeca, S.A.,* 979 F.2d 1434, 1440 (10th Cir. 1992).

[22] *Id.* (internal citations and quotations omitted).

[23] *Wheeler v. John Deere Co.*, 862 F.2d 1404, 1408 (10th Cir. 1988); *Thomas v. Mitsubishi Motors Corp.*, No. 2:12-CV-1215-DB-PMW, 2014 WL 280495, at *5 (D. Utah Jan. 24, 2014); *T.G. v. Remington Arms Co.*, No. 13-CV-0033-CVE-PJC, 2014 WL 2589443, at *3 (N.D. Okla. June 10, 2014).

muzzleloading rifle, not other firearms. Thompson has appropriately provided information as to similar incidents involving the Omega 0.50 Caliber Muzzleloading Rifle in response to Interrogatory No. 9 and Request No. 4. Thompson's objections as to Plaintiff's demand for information pertaining to other firearm models in Interrogatory No. 4, Interrogatory No. 9, and Request No. 4 are sustained. Thompson will not be compelled to produce information as to any other model firearm. The Motion is denied to these requests.

## ORDER

Based on the reasoning set forth in the preceding decision, the Motion[24] is MOOTED IN PART and DENIED IN PART. As this type of outcome is addressed in Fed. R. Civ. P. 37(5)(C) and that rule provides discretionary authority as to an award of expenses, the parties are instructed to submit briefing within 14 days on the issue of apportioning the reasonable expenses incurred for the Motion and for the Opposition.

Signed June 12, 2019.

BY THE COURT:

Paul Kohler
United States Magistrate Judge

---

[24] Plaintiff's Short Form Motion to Compel Interrogatory Responses and Documents, docket no. 66, filed April 17, 2019.