IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| ZANE STRATTON,<br><br>     Plaintiff,<br><br>v.<br><br>THOMPSON/CENTER ARMS, INC.;<br>SMITH & WESSON CORP.; SMITH &<br>WESSON HOLDING COMPANY;<br>CABELA'S WHOLESALE, LLC; AND<br>DOES I-X,<br><br>     Defendants. | **MEMORANDUM DECISION AND**<br>**ORDER REVERSING DENIAL OF**<br>**PLAINTIFF'S SHORT FORM**<br>**MOTION TO COMPEL**<br>**INTERROGATORY RESPONSES AND**<br>**DOCUMENTS**<br><br>Case No. 4:18-cv-00040-DN-PK<br><br>District Judge David Nuffer<br>Magistrate Judge Paul Kohler |

Plaintiff Zane Stratton has filed an objection[1] to Judge Kohler's June 12, 2019 order[2] denying Plaintiff's motion to compel Defendant Thompson/Center Arms ("Thompson"),[3] to provide complete responses and documents to certain discovery requests. At the court's invitation,[4] Thompson has responded,[5] asking that the Order be upheld. As explained below, the Objection is SUSTAINED and the Order is REVERSED.

---

[1] Plaintiff's Objection to Magistrate's Memorandum Decision and Order Mooting in Part and Denying in Part Plaintiff's Short Form Motion to Compel Interrogatory Responses and Documents ("Objection"), docket no. 70, filed June 26, 2019.

[2] Memorandum Decision and Order Mooting in Part and Denying in Part [66] Plaintiff's Short Form Motion to Compel Interrogatory Responses and Documents ("Order"), docket no. 68, filed June 12, 2019.

[3] The Amended Complaint names Thompson/Center Arms, Inc., as a defendant. Amended Complaint ¶ 2, docket no. 17, filed July 9, 2018. Thompson/Center Arms Company, LLC, filed an answer saying that its name was improperly pled herein. Answer to Amended Complaint at 2, docket no. 60, filed December 20, 2018. It is unnecessary to resolve this issue here.

[4] Order Inviting Response to Plaintiff's Objection to Denial of Plaintiff's Short Form Motion to Compel Interrogatory Responses and Documents, docket no. 79, filed November 13, 2019.

[5] Defendant Thompson/Center Arms, Inc.'s Opposition to Plaintiff's Objection to Magistrate's Memorandum Decision and Order ("Opposition"), docket no. 82, filed November 27, 2019.

## BACKGROUND

### Complaint

Plaintiff's Amended Complaint alleges that he sustained "severe and permanent injuries" when an Omega .50 Caliber Muzzleloading Rifle ("Muzzleloader" or "Subject Rifle" or "Subject Gun") exploded in his hands during normal use.[6] He alleges, among other things, that the Muzzleloader's barrel was (1) made from "a free machining steel containing lead (Pb) or manganese sulfide (MnS) inclusions,"[7] which Defendants knew or should have known "would greatly reduce the fracture toughness or strength of the steel in directions perpendicular to the barrel axis,"[8] and (2) had "several holes . . . drilled and threaded along the bottom,"[9] the depths of which holes Defendants knew or should have known "were not manufactured in accordance with design specifications and would cause the Muzzleloader's barrel to be unreasonably dangerous and defective."[10]

### Discovery Requests and Responses

Three discovery requests and responses are at issue here. *Interrogatory No. 4* requested that Thompson "[s]tate the model names and numbers of all muzzleloader firearms manufactured by Thompson/Center which have barrels made of the same metal as the barrel of the Subject Gun and state the years during which these firearms were manufactured."[11] In response, Thompson objected that "the demand for materials concerning all muzzleloader firearms manufactured by

---

[6] Amended Complaint ¶¶ 10, 22-27, docket no 17, filed July 9, 2011.

[7] *Id*. ¶¶ 11-13.

[8] *Id*. ¶¶ 14-15.

[9] *Id*. ¶ 16.

[10] *Id*. ¶ 17.

[11] Objection, *supra* note 1, Exhibit B at 3.

Thompson/Center" sought information that was "not relevant due to differences is [sic] dimensions, time frame, etc."[12] However, Thompson did provide information regarding the Omega line of muzzleloaders (to which the Muzzleloader belongs), saying that "[p]rior to July of 2011, all Omega muzzle loading firearm barrels were manufactured from 1137 gun barrel quality steel."[13]

> *Interrogatory No. 9* requested that Thompson
>
> [s]tate whether Thompson/Center received any notice (including, without limitation, warranty claims, complaints, returns, lawsuits, injury or death claims, or any other form of notice) from 2007 through the present concerning any explosion, fracture, breakage, cracking, or other weakness in the barrel of any muzzle loading rifle manufactured by Thompson/Center.
>
> If the answer to the foregoing is "yes", please provide the following:
>
> A.  The date of each incident,
>
> B.  A description of each incident and the names of the people involved in the incident,
>
> C.  The year, make and model of the Gun involved in each incident, and
>
> D.  Identify all documents related to each incident.[14]

In response, Thompson raised three objections: (1) that the interrogatory sought "irrelevant information relating to non-similar products";[15] (2) that the phrase "'other weakness' in the barrel" was "vague and undefined";[16] and (3) that "to the extent this interrogatory [sought] information relating to lawsuits not substantially similar to this

---

[12] *Id.*

[13] *Id.*

[14] *Id.* at 5.

[15] *Id.*

[16] *Id.*

case," the requested "information [was] not discoverable as it [was] not 'reasonably calculated to lead to the discovery of admissible evidence.'"[17] Thompson did provide information "[r]egarding the Omega line of muzzle loaders . . . ."[18]

*Request No. 4 of Plaintiffs' Requests for Production* sought documents regarding the same notice of incidents described in *Interrogatory No. 9*. Thompson did not object to this request and identified certain documents by Bates stamp number.[19] However, this response was "limited . . . to incidents involving Omega model rifles, *i.e.*, the same model as the Subject Rifle."[20]

## Judge Kohler's Order

In the Order, Judge Kohler set forth the applicable standard as follows:

In products liability cases, when a party requests information during discovery regarding other products or incidents, it must be determined whether the request seeks information that is "substantially similar" to the incident that is the focus of the complaint.[FN21] As the Tenth Circuit has explained:

> Substantial similarity depends upon the underlying theory of the case. Evidence proffered to illustrate the existence of a dangerous condition necessitates a high degree of similarity because it weighs directly on the ultimate issue to be decided by the jury. The requirement of substantial similarity is relaxed, however, when the evidence of other incidents is used to demonstrate notice or awareness of a potential defect. Any differences in the accidents not affecting a finding of substantial similarity go to the weight of the evidence.[FN22]

The "underlying theory of the case" is the key language here as *other courts have understood this to mean that discovery of "substantially similar" incidents is limited to those involving the same product model that is the subject of a products liability complaint.*[FN23]

---

[17] *Id.*

[18] *Id.*

[19] *Id.* at 6.

[20] Objection, *supra* note 1, ¶ 20, at 8; Opposition, *supra* note 5, at 7.

[FN21] *Four Corners Helicopters, Inc. v. Turbomeca, S.A.*, 979 F.2d 1434, 1440 (10th Cir. 1992).

[FN22] *Id.* (internal citations and quotations omitted).

[FN23] *Wheeler v. John Deere Co.*, 862 F.2d 1404, 1408 (10th Cir. 1988); *Thomas v. Mitsubishi Motors Corp.*, No. 2:12-CV-1215-DB-PMW, 2014 WL 280495, at *5 (D. Utah Jan. 24, 2014); *T.G. v. Remington Arms Co.*, No. 13-CV-0033-CVE-PJC, 2014 WL 2589443, at *3 (N.D. Okla. June 10, 2014).[21]

Based on this interpretation of the case law, Judge Kohler proceeded to deny the motion to compel, reasoning as follows:

> Here, Plaintiff's complaint focuses on one particular model of muzzleloading rifle, the Omega 0.50 Caliber Muzzleloading Rifle. Because of this, it is appropriate to conclude that discovery should be limited to information pertaining to similar incidents regarding *this* model of muzzleloading rifle, not other firearms. Thompson has appropriately provided information as to similar incidents involving the Omega 0.50 Caliber Muzzleloading Rifle in response to Interrogatory No. 9 and Request No. 4. Thompson's objections as to Plaintiff's demand for information pertaining to other firearm models in Interrogatory No. 4, Interrogatory No. 9, and Request No. 4 are sustained. Thompson will not be compelled to produce information as to any other model firearm. The Motion is denied [as] to these requests.[22]

## STANDARD OF REVIEW

By statute and rule, any part of Judge Kohler's order that is "clearly erroneous or contrary to law" must be set aside.[23] "Because a magistrate judge is afforded broad discretion in the resolution of nondispositive discovery disputes, the court will overrule the magistrate judge's

---

[21] Order, *supra* note 2, at 4 (emphasis added).

[22] *Id.* at 4-5 (emphasis in original).

[23] 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a).

determination only if this discretion is clearly abused."[24] "A court abuses its discretion when its decision is based on an error of law."[25]

## DISCUSSION

Plaintiff argues that the Order is "clearly erroneous and contrary to the law" because it is inconsistent with

> case law holding that (1) substantial similarity is satisfied when products share the same defects as those alleged by Plaintiff, (2) substantial similarity does not require identical products and is not limited to products of the same model or size, (3) the requirement of substantial similarity is relaxed when other products/incidents are offered to show notice of a defect, and (4) substantial similarity relates to admissibility, and the standard for discovery concerning other products is much broader.[26]

### The Order is not affirmed based on Thompson's overbreadth argument.

In its Opposition, Thompson does not challenge Plaintiff's summary of the law, which is addressed in the next Section. Rather, Thompson's argument begins with the apparent suggestion that the Order should be upheld on a ground Judge Kohler did not reach. Thompson argues that a motion to compel may be denied where the "discovery demands" "are not limited in scope or time" and are therefore "overbroad and unduly burdensome on their face."[27] Thompson says that

> Plaintiff's demands contain no temporal or substantive limitation as they seek information about other accidents for any muzzleloader Thompson/Center has ever manufactured in its fifty-year history (both prior to and subsequent to the accident). The demand is also not limited by type of muzzleloader (traditional or in-line), type of design (swinging breech, break-open, etc.), or in any other meaningful way (barrel length, barrel thickness, barrel shape, etc.). Thus, these

---

[24] *Fatpipe Networks India Ltd. v. XRoads Networks*, No. 2:09-CV-186-TC, 2011 WL 1775744, at *2 (D. Utah May 9, 2011) (citations omitted).

[25] *Hartsel Springs Ranch of Colorado, Inc. v. Bluegreen Corp.*, 296 F.3d 982, 987 (10th Cir. 2002) (citation omitted).

[26] Objection, *supra* note 1, at 16-17.

[27] Opposition, *supra* note 5, at 15 (footnote omitted).

demands are improper on their face, and Magistrate Judge Kohler had discretion to deny a motion to compel further responses accordingly.[28]

This "preliminary"[29] argument is unpersuasive because it mischaracterizes Plaintiff's discovery requests. Although *Interrogatory No. 4* was not limited in time (other than, by implication, when Thompson first began manufacturing muzzleloader firearms), it was clearly limited in scope, requesting "the model names and numbers of all muzzleloader firearms manufactured by Thompson/Center *which have barrels made of the same metal as the barrel of the Subject Gun* and . . . the years during which these firearms were manufactured."[30] Conversely, while the substantive scope of *Interrogatory No. 9* and *Request for Production No. 4* was broad, these discovery requests were clearly limited in time, seeking only certain information and documents Thompson had received "from 2007 through the present."[31] Given these limitations in the discovery sought, Thompson's invitation to affirm on the ground of overbreadth is declined.

**The Order is clearly erroneous.**

As both sides recognize, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ."[32] Additionally, as Judge Kohler's Order noted, the Tenth Circuit has instructed that

> when a party objects that discovery goes beyond that relevant to the claims or defenses, "the court would become involved to determine whether the discovery is relevant to the claims or defenses and, if not, whether good cause exists for authorizing it so long as it is relevant to the subject matter of the action."

---

[28] *Id*. at 15-16 (footnote omitted).

[29] *Id*. at 15.

[30] Objection, *supra* note 1, Exhibit B at 3 (emphasis added).

[31] Objection, *supra* note 1, Exhibit B at 5-6.

[32] Fed. R. Civ. P. 26(b)(1).

Fed.R.Civ.P. 26 advisory committee's note (2000). This good-cause standard is intended to be flexible. *Id.* When the district court does intervene in discovery, it has discretion in determining what the scope of discovery should be. "[T]he actual scope of discovery should be determined according to the reasonable needs of the action. The court may permit broader discovery in a particular case depending on the circumstances of the case, the nature of the claims and defenses, and the scope of the discovery requested." *Id.*[33]

*Cooper Tire* is the only Tenth Circuit appellate case cited by the parties that addresses the substantial similarity rule in the context of discovery rather than that of admissibility of evidence. There, the court reiterated the following rule (drawn from case law applying the rule in the latter context), a version of which was also set forth in Judge Kohler's Order:

> Substantial similarity depends upon the underlying theory of the case. When the evidence is offered to demonstrate that a highly dangerous condition existed, a high degree of substantial similarity is required. The requirement of substantial similarity is relaxed, however, when the evidence of other incidents is used to demonstrate notice or awareness of a potential defect.[34]

Plaintiff's disagreement concerns Judge Kohler's holding that "underlying theory of the case" has been "understood . . . to mean that discovery of 'substantially similar' incidents is limited to those involving the same product model that is the subject of a products liability complaint."[35] As Plaintiff points out, this is at odds with Tenth Circuit precedent, such as *Smith v. Ingersoll-Rand Co.*,[36] which stated that "[t]he substantial similarity rule *does not require*

---

[33] *In re Cooper Tire & Rubber Co.*, 568 F.3d 1180, 1188-89 (10th Cir. 2009).

[34] *Id.* at 1191 (citations and internal quotation marks omitted).

[35] Order, *supra* note 2, at 4 (citing *Wheeler v. John Deere Co.*, 862 F.2d 1404, 1408 (10th Cir. 1988); *Thomas v. Mitsubishi Motors Corp.*, No. 2:12-CV-1215-DB-PMW, 2014 WL 280495, at *5 (D. Utah Jan. 24, 2014); *T.G. v. Remington Arms Co.*, No. 13-CV-0033-CVE-PJC, 2014 WL 2589443, at *3 (N.D. Okla. June 10, 2014)).

[36] 214 F.3d 1235 (10th Cir. 2000).

*identical products*; nor does it require us to compare the products in their entireties. *The rule requires substantial similarity among the variables relevant to the plaintiff's theory of defect*."[37]

The cases Thompson cites to support Judge Kohler's ruling do not raise any serious question as to the validity of the rule articulated in *Smith*. The *Wheeler* case involved a plaintiff who "lost his right arm when it became entangled in the vertical unloading auger of a John Deere Titan series model 7720 combine."[38] Applying the substantial similarity rule, the court upheld the admissibility of evidence consisting of "the live testimony of five witnesses who lost portions of their right arms while clearing the augers on Titan *series* combines."[39] Because the opinion does not further specify the particular combine models involved in the similar accidents at issue, it cannot be said that they involved the same product model that injured the plaintiff. In any event, the case does not purport to limit the substantial similarity rule to evidence of identical products. The other two cases cited, *Thomas* and *T.G.*, did respectively limit the discoverability and admissibility of evidence under the substantial similarity rule to identical products, but these are district court opinions.

Thompson attempts to distinguish *Smith*, without actually quoting the standard given there (i.e., that there must be "substantial similarity among the variables relevant to the plaintiff's theory of defect").[40] Thompson stresses that the evidence regarding other models admitted in that

---

[37] *Id*. at 1248 (emphasis added). The *Smith* case involved a plaintiff injured when the operator of a machine apparently failed to see him on the side of the machine and turned the wheels, trapping the plaintiff's foot. *Id*. at 1240. Because one of the alleged defects was the "lack of mirrors which would allow the operator to see the sides and back of the machine," the court upheld the admission of evidence of other accidents involving "several different models" of the machine with the same alleged defect. *Id*. at 1248-49.

[38] 862 F.2d at 1406.

[39] *Id*. at 1407-08 (emphasis added).

[40] 214 F.3d at 1248.

case involved the same alleged defect, and that Plaintiff's claims here involve not only an alleged design defect (the kind of metal used in the barrel), but also an alleged manufacturing defect (the depth of the holes in the barrel). Because Plaintiff has not alleged that both of these problems are present in all of Thompson's muzzleloaders, Thompson argues that the discovery requested is irrelevant.[41]

Thompson's argument, which is supported only by citation to district court opinions, and a nod to *Cooper Tire*'s reference to judicial discretion in discovery rulings,[42] is too exacting. The discovery stage, as Thompson acknowledges,[43] involves a broader standard than admissibility (the issue in *Smith*).[44] Further, by insisting that discovery may only be had here under the substantial similarity rule if it is limited to those muzzleloader models involving both of the defects alleged, Thompson fails to heed *Cooper Tire*'s reminder that "[t]he requirement of substantial similarity is relaxed . . . when the evidence of other incidents is used to demonstrate notice or awareness of a potential defect."[45]

Plaintiff's theory raises the question of whether Thompson had notice of the alleged deficiency in the metal it chose to use for the barrel of the Subject Rifle,[46] and the discovery

---

[41] Opposition, *supra* note 5, at 16-19.

[42] *Id*.

[43] Opposition, *supra* note 5, at 18.

[44] Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter *that is relevant to any party's claim or defense* and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. *Information within this scope of discovery need not be admissible in evidence to be discoverable*.") (emphasis added).

[45] 568 F.3d at 1191 (quoting *Four Corners Helicopters, Inc. v. Turbomeca, S.A.*, 979 F.2d 1434, 1440 (10th Cir. 1992)).

[46] Amended Complaint, *supra* note 6, ¶¶ 11-15 (alleging, among other things, that Thompson "used a free machining steel" in the Subject Rifle, although it "knew or should have known that a rifle barrel machined from free machining steel would contain long threadlike Pb or MnS inclusions oriented along the axis of the barrel" and that such

sought goes to that issue. Under the controlling law discussed above, Plaintiff is entitled to the discovery requested, and the Order was clearly erroneous in denying it.[47]

## ORDER

Based on the foregoing grounds, IT IS HEREBY ORDERED that the Objection is SUSTAINED and the Order is REVERSED as follows:

1. In response to *Interrogatory No. 4*, Thompson must state the model names and numbers of all muzzleloader firearms manufactured by Thompson from 1997 to the present[48] which have barrels made of the same metal as the barrel of the Subject Gun and state the years during which these firearms were manufactured.

2. In response to *Interrogatory No. 9*, Thompson must state whether it received any notice (including, without limitation, warranty claims, complaints, returns, lawsuits, injury or death claims, or any other form of notice) from 2007 through the present concerning any explosion, fracture, breakage, cracking, or other weakness in the barrel of any muzzle loading rifle manufactured by Thompson, and made from the same metal as the Subject Rifle. If the answer to the foregoing is "yes," Thompson must provide the following: (A) the date of each incident; (B) description of each incident and the names of the people involved in the incident; (C) the year, make and

---

inclusions "would greatly reduce the fracture toughness or strength of the steel in directions perpendicular to the barrel axis").

[47] In support of its Objection, Plaintiff presented an expert affidavit. Objection, *supra* note 1, Exhibit A, docket no. 70-1, filed June 26, 2019. Noting that the affidavit was not before Judge Kohler, Thompson has argued that the court should not consider it, and has presented its own rebuttal evidence. Docket nos. 82-1 and 82-2, filed November 27, 2019 (unredacted versions of which are found at docket nos. 84-1 and 84-2, filed under seal November 27, 2019). Because none of this evidence was presented to Judge Kohler, it is not considered.

[48] In response to Thompson's objection that *Interrogatory No. 4* was too broad (because it would have made Thompson provide information from the last 50 years), this temporal limitation is added.

model of the gun involved in each incident; and (D) identify all documents related to each incident.

3. In response to *Request for Production No. 4*, Thompson must produce all documents related to any notice Thompson received, as described in Paragraph 2 of this Order, *supra*, relating to *Interrogatory No. 9*.

Signed December 3, 2019.

BY THE COURT:

David Nuffer
United States District Judge