IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| ZANE STRATTON,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>THOMPSON/CENTER ARMS, INC., SMITH & WESSON CORP., SMITH & WESSON HOLDING CO., CABELA'S WHOLESALE, LLC, and DOES I -X,<br><br>　　　　　Defendants. | **MEMORANDUM DECISION AND ORDER DENYING PLAINTIFF'S RULE 37 MOTION FOR FAILURE TO COMPLY WITH THE COURT'S MEMORANDUM DECISION AND ORDER REVERSING DENIAL OF PLAINTIFF'S SHORT FORM MOTION TO COMPEL INTERROGATORY RESPONSES AND DOCUMENTS**<br><br>Case No. 4:18-cv-00040-DN-PK<br><br>District Judge David Nuffer<br>Magistrate Judge Paul Kohler |

In an order dated December 3, 2019,[1] the Court ordered Defendant Thompson/Center Arms, Inc. ("Thompson") to supplement its responses to Plaintiff Zane Stratton's ("Plaintiff") Interrogatory No. 4, Interrogatory No. 9 and Request for Production No. 4 (the "December 3 Order").

Plaintiff now argues that Thompson has failed to comply with the December 3 Order, and moves for Rule 37 sanctions ("Motion").[2] The central issue presented by the Motion is whether the December 3 Order requires Thompson to identify and produce *all* documents related to each similar incident, or only all documents related to the *notice* received by Thompson of each incident.

---

[1] Memorandum Decision and Order Reversing Denial of Plaintiff's Short Form Motion to Compel Interrogatory Responses and Documents, docket no. 85, filed December 3, 2019.

[2] Plaintiff's Rule 37 Motion for Sanctions for Failure to Comply with the Court's Memorandum Decision and Order Reversing Denial of Plaintiff's Short Form Motion to Compel Interrogatory Responses and Documents, docket no. 98, filed March 17, 2020.

**Request for Production No. 4**

Plaintiff's Request for Production No. 4 states:

> Produce all documents related to any notice to Thompson/Center (including, without limitation, warranty claims, complaints, returns, lawsuits, injury or death claims, or any other form of notice) from 2007 through the present concerning any explosion, fracture, breakage, cracking, or other weakness in the barrel of any muzzle loading rifle manufactured by Thompson/Center.[3]

In response, Thompson initially produced only documents related to notices of incidents involving Omega model rifles.[4] Plaintiff filed a motion to compel production of responsive documents for all muzzleloaders manufactured by Thompson, or at least all muzzleloaders with the same barrel metal as the subject rifle model.[5] In the December 3 Order, the court ordered:

> 3. In response to Request for Production No. 4, Thompson must produce all documents related to any notice Thompson received, as described in Paragraph 2 of this Order, supra, relating to Interrogatory No. 9.[6]

Thompson subsequently produced documents related to notices of incidents involving all rifle models made from the same metal as the rifle involved in the subject accident.[7] Plaintiff contends the December 3 Order requires more: the production of "all documents related to each incident", including documents such as expert reports, witness statements, photographs, and the like.[8]

---

[3] *Id.* at 5.

[4] *Id.*

[5] Plaintiff's Short Form Motion to Compel Interrogatory Responses and Documents at 2, docket no. 66, filed April 17, 2019.

[6] December 3 Order.

[7] Motion at 7.

[8] *Id.* at 13.

Paragraph 3 of the December 3 Order ordered Thompson to produce "documents related to any *notice* Thompson received."[9] It did not order Thompson to produce all documents related to any incident; rather, the order was limited in scope to documents relating to notice.

This is consistent with the scope of Request for Production No. 4, which only requests the production of notice-related documents.[10] It is further consistent with the scope of Plaintiff's motion to compel, which did not address Thompson's refusal to produce all documents, as opposed to just notice-related documents, for incidents involving the Omega model rifles. The December 3 Order should not be read to require production of documents beyond the scope of the underlying request for production and motion to compel.

Plaintiff's expansive interpretation of Request for Production No. 4 is based on the last several words of Paragraph 3: "as described in Paragraph 2 of this Order, supra, relating to Interrogatory No. 9".[11] Plaintiff suggests this language incorporates the "identify all documents related to each incident" provision from Paragraph 2 into Paragraph 3, turning Paragraph 3 into an order to "produce all documents related to each incident."[12]

The Court rejects Plaintiff's interpretation. The "as described in Paragraph 2 of this Order, supra, relating to Interrogatory No. 9" language serves to establish the scope of incidents for which notice documents need to be produced—that is, incidents involving "any muzzle loading rifle manufactured by Thompson, and made from the same metal as the Subject Rifle", which scope is stated in Paragraph 2 of the December 3 Order in relation to Interrogatory No. 9.

---

[9] December 3 Order (emphasis added).

[10] Motion at 5.

[11] Reply Memorandum in Support of Plaintiff's Rule 37 Motion for Sanctions for Failure to Comply with the Court's Memorandum Decision and Order Reversing Denial of Plaintiff's Short Form Motion to Compel Interrogatory Responses and Documents (Reply Memorandum) at 4, docket no. 103, filed April 6, 2020.

[12] *Id*.

Plaintiff contends it needs access to all documents related to each incident in order to establish substantial similarity to Plaintiff's accident.[13] If so, Plaintiff is free to propound a request for production of documents to Thompson asking for production of all documents related to each incident. Request for Production No. 4 does not do that.

Accordingly, Thompson did not fail to comply with the December 3 Order by restricting its response to Request for Production No. 4 to notice-related documents, and Plaintiff's request for sanctions on this ground is DENIED.

### Interrogatory No. 9

Plaintiff's Interrogatory No. 9 states:

> State whether Thompson/Center received any notice (including, without limitation, warranty claims, complaints, returns, lawsuits, injury or death claims, or any other form of notice) from 2007 through the present concerning any explosion, fracture, breakage, cracking, or other weakness in the barrel of any muzzle loading rifle manufactured by Thompson/Center.
>
> If the answer to the foregoing is "yes", please provide the following:
>
> A. The date of each incident,
>
> B. A description of each incident and the names of the people involved in the incident,
>
> C. The year, make and model of the Gun involved in each incident, and
>
> D. Identify all documents related to each incident.[14]

Thompson limited its initial response to incidents involving Omega model rifles.[15]

---

[13] Reply Memorandum at 4.

[14] Motion at 4.

[15] *Id.*

Plaintiff filed a motion to compel Thompson to identify incidents involving all muzzleloaders, or at least all muzzleloaders with the same barrel metal as the subject rifle model.[16] The Court entered the following order:

> 2. In response to Interrogatory No. 9, Thompson must state whether it received any notice (including, without limitation, warranty claims, complaints, returns, lawsuits, injury or death claims, or any other form of notice) from 2007 through the present concerning any explosion, fracture, breakage, cracking, or other weakness in the barrel of any muzzle loading rifle manufactured by Thompson, and made from the same metal as the Subject Rifle. If the answer to the foregoing is "yes," Thompson must provide the following:
>
> > (A) the date of each incident;
> >
> > (B) description of each incident and the names of the people involved in the incident;
> >
> > (C) the year, make and model of the gun involved in each incident; and
> >
> > (D) identify all documents related to each incident.[17]

Plaintiff contends that Thompson failed to comply with the December 3 Order because it did not identify ***all*** documents related to the incidents described in response to Interrogatory No. 9, but only those related to notice.[18]

Taken in context, the order to "identify all documents related to each incident" is an order to identify all documents related to notice of incidents. Interrogatory No. 9 is expressly directed to notices of incidents. Furthermore, Plaintiff did not, in the motion to compel, object to Thompson only identifying documents related to notice for the Omega model rifles. In Plaintiff's

---

[16] Plaintiff's Short Form Motion to Compel Interrogatory Responses and Documents at 2, docket no. 66, filed April 17, 2019.

[17] December 3 Order.

[18] Motion at 13.

5

objection to the order denying the motion to compel, in regard to Interrogatory No. 9, Plaintiff did not mention anything about Thompson's failure to identify documents beyond the notice documents.[19] Thus, the issue of whether or not Thompson should be required to identify all documents related to the incidents, as opposed to only notice-related documents, had not been briefed prior to issuance of the December 3 Order, and was not properly before the court for decision. While the December 3 Order does order Thompson to "identify all documents related to each incident", that should be interpreted consistently with the scope of Interrogatory No. 9, which, as discussed above, is directed to notice.

In addition, Plaintiff contends that Thompson failed to properly identify all incidents as required by Interrogatory No. 9—specifically, the McClain, Garvick and Ford incidents.[20]

The McClain incident is outside the scope of Interrogatory No. 9 and the Discovery Order because it did not involve any explosion or fracture of the barrel.[21] Plaintiff correctly notes that the complaint in the McClain incident alleges the muzzleloader exploded,[22] but Thompson represents that the explosion in that incident involved the breech plug, not the barrel.

The Garvick and Ford incidents were identified by Thompson in its discovery responses.[23]

---

[19] Plaintiff's Objection to Magistrate's Memorandum Decision and Order Mooting in Part and Denying in Part Plaintiff's Short Form Motion to Compel Interrogatory Responses and Documents, docket no. 70, filed June 26, 2019.

[20] Motion at 14.

[21] Defendant Thompson/Center Arms, Inc.'s Opposition to Plaintiff's Rule 37 Motion (Opposition Memorandum) at 14-15, docket no. 101, filed March 31, 2020.

[22] Reply Memorandum at 7.

[23] Opposition Memorandum at 16 n. 49.

Accordingly, Thompson did not fail to comply with the December 3 Order by restricting its response to Interrogatory No. 9 to notice-related documents, and Plaintiff's request for sanctions on this ground is DENIED.

### Interrogatory No. 4

Plaintiff's Interrogatory No. 4 states:

> State the model names and numbers of all muzzleloader firearms manufactured by Thompson/Center which have barrels made of the same metal as the barrel of the Subject Gun, and state the years during which these firearms were manufactured.[24]

In the Discovery Order, the Court entered the following order:

> 1. In response to *Interrogatory No. 4,* Thompson must state the model names and numbers of all muzzleloader firearms manufactured by Thompson from 1997 to the present which have barrels made of the same metal as the barrel of the Subject Gun and state the years during which these firearms were manufactured.[25]

Plaintiff has not provided any specific facts or law demonstrating that Thompson's response to Interrogatory No. 4 is deficient.

### ORDER

Based on the foregoing, IT IS HEREBY ORDERED that the Motion is DENIED. Nothing in this Order relieves Thompson of its obligation, as described in the December 3 Order and this Order, to comply with Plaintiff's discovery requests.

Signed May 13, 2020.

BY THE COURT

Paul Kohler
United States Magistrate Judge

---

[24] Motion at 4.

[25] December 3 Order.