THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| ZANE STRATTON,<br><br>    Plaintiff,<br><br>v.<br><br>THOMPSON/CENTER ARMS, INC.;<br>SMITH & WESSON CORP.; SMITH &<br>WESSON HOLDING COMPANY;<br>CABELA'S WHOLESALE, LLC; AND<br>DOES I-X,<br><br>    Defendants. | **MEMORANDUM DECISION<br>AND ORDER GRANTING MOTION TO<br>TRANSFER VENUE.**<br><br>Case No. 4:18-cv-00040-DN-PK<br><br>District Judge David Nuffer<br>Magistrate Judge Paul Kohler |

Plaintiff Zane Stratton has filed a Motion to Transfer Venue ("Motion") in this action.[1] Mr. Stratton seeks to move the location of trial from St. George, Utah, to Salt Lake City, Utah. Defendant Thompson/Center Arms, Inc. ("Thompson") has filed an opposition[2], and Mr. Stratton has filed a reply.[3] For the reasons below, and in the interests of justice, the Motion will be GRANTED.

## BACKGROUND

This case arises out of a firearm explosion that occurred in Cedar City, Utah. Mr. Stratton was badly injured in the explosion. While Mr. Stratton and much of his family reside in Cedar City, which is approximately 50 miles from St. George, most of the providers which treated his

---

[1] Plaintiff's Renewed Motion to Transfer Venue of Trial to Salt Lake City, docket no. 186, field March 10, 2022.

[2] Defendant Thompson/Center Arms, Inc.'s Opposition to Plaintiff's Renewed Motion to Transfer Venue of Trial to Salt Lake City ("Opposition"), docket no. 190, filed April 7, 2022.

[3] Reply in Support of Plaintiff's Renewed Motion to Transfer Venue of Trial to Salt Lake City ("Reply"), docket no. 192, filed April 20, 2022.

injuries reside in or near Salt Lake City, Utah.[4] Cedar City is well over 200 miles from Salt Lake City.

## DISCUSSION

Plaintiffs argue that this action should be transferred under 28 U.S.C. § 1404(a) and 28 U.S.C. § 1404(c) from St. George to Salt Lake City.[5] Because both St. George and Salt Lake City are in the Central Division of the District of Utah, this transfer would be an intra-district transfer. Accordingly, § 1404(a) is not applicable, because that section deals with the transfer of an action to a *different* division or district. Instead, the relevant section of 28 U.S.C. § 1404 is § 1404(c), which allows a district court discretion to order any civil action to be tried at the any place within the division in which it is pending.[6]

Courts in the Tenth Circuit assess a motion to transfer venue within a district under 28 U.S.C. § 1404(c) using the same factors as in a motion to transfer under 28 U.S.C. § 1404(a).[7] In assessing a motion to transfer venue under § 1404(a), the Tenth Circuit has instructed district courts to consider the following factors:

> the plaintiff's choice of forum; the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; the cost of making the necessary proof; questions as to the enforceability of a judgment if one is obtained; relative advantages and obstacles to a fair trial; difficulties that may arise from congested dockets; the possibility of the existence of questions arising in the area of conflict of laws; the advantage of having a local court determine questions of local law; and[ ] all other considerations of a practical nature that make a trial easy, expeditious and economical.[8]

---

[4] Motion at 2, 4-5.

[5] *Id*. at 6.

[6] 28 U.S.C. § 1404(c).

[7] Four Corners Nephrology Associates, P.C. v. Mercy Medical Center of Durango, 464 F.Supp.2d 1095, 1098 (D. Co. 2006)

[8] *Emps. Mut. Cas. Co. v. Bartile Roofs, Inc*., 618 F.3d 1153, 1167 (10th Cir. 2010) (alteration in original) (quoting *Chrysler Credit Corp. v. Country Chrysler, Inc*., 928 F.2d 1509, 1516 (10th Cir.1991)).

The party seeking to transfer venue bears the burden of showing the current venue is inconvenient.[9]

Because the sought transfer is intra-district, brought by the plaintiff, and will result in this action remaining before the same judge, many of the factors normally relevant to assess a motion to transfer venue do not apply. For example, the plaintiff's choice of forum is typically given great deference. However, when the plaintiff has selected a forum at the start of litigation, and then seeks to change it to a different forum before trial, the plaintiff's choice is given little weight.[10] Therefore, this factor does not aid Mr. Stratton, and is neutral. Similarly, factors such as congested dockets and the advantage of a local court deciding questions of local law are not especially applicable to this motion.

The primary grounds on which this transfer is sought is the accessibility of witnesses, the cost of necessary proof, and other considerations of a practical manner. Most of Mr. Stratton's treating doctors and providers, and many of Defendant's witnesses, are located in Salt Lake City.[11] The St. George courthouse is more than 100 miles from the location of these providers, and accordingly, subpoenas cannot be issued to compel their participation.[12] Unlike most experts, treating doctors and providers are typically not hired for the purpose of litigation, and "are characteristically reluctant to interrupt their practices to appear at trial, even in the localities

---

[9] *Emps. Mut. Cas. Co.*, 618 F.3d at 1167.

[10] See Weng v. Hana Japanese Steakhouse, Inc., No. 2:18-CV-183, 2020 WL 12894127, at *5 (E.D. Tenn. Dec. 21, 2020).

[11] Motion at 4-5.

[12] Fed. R. Civ. P. 45.

where they treat their patient," let alone 300 miles away from Salt Lake City.[13] Failure to transfer venue runs the risk of depriving Mr. Stratton of key witnesses.

Thompson argue that moving trial to Salt Lake City would prevent Thompson from calling crucial fact witnesses, and therefore allow Mr. Stratton to withhold the witnesses Thompson requires to make its case.[14] But Mr. Stratton has mitigated much of the potential prejudice to Thompson by submitting agreements from witnesses Jared Stratton[15], Mariah Stratton,[16] Neil Stratton,[17] Kristin Stratton,[18] Brady Stratton,[19] and Jerron Glazier,[20] stating that they agreed to attend trial in Salt Lake City and they, excepting Mr. Glazier, agreed to be subject to the subpoena power of the court. Although Mr. Glazier did not explicitly agree that he would be subject to the subpoena power of the court if he did not attend trial, he did submit a signed declaration that he was willing to travel to Salt Lake City,[21] and he has been deposed. Other key fact witnesses, including Jared Stratton, have also been deposed.

It appears that all crucial fact witnesses will either attend, have stated they intend to attend, or be able to be compelled to attend if trial is held in Salt Lake City.[22] Plaintiff has stated

---

[13] See *Cuzzupoli v. Metro-N. Commuter R.R.*, No. 02 CIV. 7947 (CSH), 2003 WL 21496879, at *6 (S.D.N.Y. June 30, 2003).

[14] Opposition at 7-9.

[15] Unsworn Declaration of Jared Stratton, Exhibit 1 to Motion, docket no. 186-1, filed March 10, 2022.

[16] Unsworn Declaration of Mariah Stratton, Exhibit 2 to Motion, docket no. 186-2, filed March 10, 2022.

[17] Unsworn Declaration of Neil Stratton, Exhibit 3 to Motion, docket no. 186-3, filed March 10, 2022.

[18] Unsworn Declaration of Kristin Stratton, Exhibit 4 to Motion, docket no. 186-4, filed March 10, 2022.

[19] Unsworn Declaration of Brady Stratton, Exhibit 5 to Motion, docket no. 186-5, filed March 10, 2022.

[20] Declaration of Christopher P. Higley Re:Plaintiff's Motion to Transfer Venue of Trial to Salt Lake City, Exhibit 6 to Motion, docket no. 186-6, filed March 10, 2022.

[21] *Id*. at 9.

[22] It is worth noting that Fed. R. Civ. P. 45 would allow this court to compel the presence of witnesses which live in Utah, even if more than 100 miles from Salt Lake City, so long as doing so would not cause those witnesses "substantial expense."

they do not intend to call any treating providers not located within 100 miles of Salt Lake City,[23] and Defendant has not identified with any specificity other witnesses who will not be able to attend trial if the venue is moved to Salt Lake City.[24]

Finally, judicial notice is taken that that St. George is difficult to travel to by air. As of now, the only direct flights to St. George are from Phoenix, Denver, Salt Lake City, and Dallas. Many witnesses who will take flights will have to take connecting flights, increasing time and expense. Holding the trial in Salt Lake City will reduce travel costs for most witnesses.

## CONCLUSION AND ORDER

After weighing the appropriate factors, Plaintiffs have shown that Salt Lake City is the more convenient forum. Accordingly, IT IS HEREBY ORDERED that:

Plaintiff's Motion[25] is GRANTED. Venue for this trial is moved to Salt Lake City, Utah, in the Central Division of the District of Utah. A trial order will issue with dates for and the specific location of trial.

Dated May 12, 2022.

BY THE COURT:

David Nuffer
United States District Judge

---

[23] Reply at 4.

[24] See Opposition at 3. Defendant expressed concern that unspecified members of the Iron Country Sheriff's department may not be compelled to attend trial, but has not identified those members.

[25] Plaintiff's Renewed Motion to Transfer Venue of Trial to Salt Lake City, docket no. 186, field March 10, 2022.