THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| ZANE STRATTON,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>THOMPSON/CENTER ARMS, INC, and DOES I-X,<br><br>　　　　　　Defendants. | **MEMORANDUM DECISION AND ORDER DENYING MOTION IN LIMINE [155]**<br><br>Case No. 4:18-cv-00040-DN-PK<br><br>District Judge David Nuffer<br>Magistrate Judge Paul Kohler |

Defendant Thompson/Center Arms, Inc ("Thompson") has filed a Motion to Limit the Testimony of Plaintiff's Non-Retained Expert Dr. Brian Mackey ("Motion"), arguing that Dr. Mackey's opinions go beyond his role as a treating physician and are speculative and should therefore be precluded.[1] Plaintiff Zane Stratton filed a response, arguing that all of Dr. Mackey's proposed opinions arise from his role as a treating physician.[2] Thompson filed a reply in support of the Motion.[3] Because Dr. Mackey's proposed opinions all arise out of his treatment of Mr. Stratton, and because his opinions are not speculative, the Motion will be DENIED.

## BACKGROUND

This action arises out of injuries Mr. Stratton suffered which resulted from a muzzleloading rifle explosion in Cedar City, Utah. After the explosion, Mr. Stratton was

---

[1] Docket no. 155, filed December 10, 2021.

[2] Plaintiff's Opposition to Defendant's Motion in Limine to Limit the Testimony of Plaintiff's Non-Retained Expert Dr. Brian Mackey, docket no. 166, filed January 26, 2022.

[3] Reply in Support of the Motion to Limit the Testimony of Plaintiff's Non-Retained Expert Dr. Brian Mackey, docket no. 180, filed February 9, 2022.

transported to Salt Lake County, where he was treated by Dr. Brian Mackey.[4] Mr. Stratton has disclosed Dr. Mackey as a testifying treating physician under Federal Rules of Civil Procedure 26(a)(2)(c).

## DISCUSSION

Under Federal Rules of Civil Procedure 26(a), expert witnesses must be disclosed during discovery. If a witness is "retained or specially employed to provide expert testimony in the case," then the party must provide an expert report alongside its disclosure pursuant to Rule 26(a)(2)(B).[5] Other witnesses must be disclosed under Rule 26(a)(2)(c), which only requires (1) the subject matter on which the witness is expected to present evidence on under Federal Rules of Evidence 702, 703, and 705; and (2) a summary of the facts or opinions on which the witnesses is expected to testify.[6]

Treating physicians, so long as they are testifying to their "percipient knowledge and opinions formed during . . . the court of the patient's treatment," typically must only submit 26(a)(2)(C) disclosures.[7] "Generally, a treating physician is not 'retained or specially employed to provide expert testimony'—a treating physician is a percipient witness of the treatment he rendered—and therefore he is not subject to the written report requirement."[8] While some courts forbid any testimony of causation, prognosis, or future damages from 26(a)(2)(C) treating physicians, most courts allow such testimony if it arises directly out of the physician's treatment

---

[4] Deposition of Dr. Brian Mackey dated October 5, 2020 ("Mackey Depo."), Exhibit C to Motion, docket no. 155-3, filed December 10, 2021, at 54:18-22.

[5] *Vanderlaan v. Ameriprise Auto & Home Ins.*, No. 20-CV-00191-PAB-STV, 2021 WL 4441518, at *1 (D. Colo. Sept. 28, 2021) (quoting Fed. R. Civ. P. 26(a)(2)(B)).

[6] *Vanderlaan*, 2021 WL 4441518, at *1.

[7] *Id*.

[8] *Goodman v. Staples The Off. Superstore, LLC*, 644 F.3d 817, 824 (9th Cir. 2011) (quoting Fed. R. Civ. P. 26(a)(2)).

of the patient.[9] A "treating physician's opinions need only satisfy two requirements to avoid the sweep of Rule 26(a)(2)(B): (1) they must have been determined at the time of treatment based on the physician's personal knowledge; and (2) they must be properly disclosed under Rule 26(a)(2)(C)."[10] A court can find an opinion was determined at the time of treatment if that opinion is "even implicitly supported" by the medical records of the patient's treatment.[11]

Dr. Mackey was offered as a treating physician under Rule 26(a)(2)(C). Dr. Mackey gives the following objected-to opinions concerning Mr. Stratton's injuries:

    1.    Mr. Stratton will need further interventions in the future;

    2.    Mr. Stratton will likely experience posttraumatic arthritis, contractures, weakness, and cold intolerance;

    3.    Mr. Stratton will likely require multiple surgical interventions in the future, including arthrodesis and osteoarthritis intervention; and

    4.    Mr. Stratton will require approximately 10-15 medical visits per year.[12]

Although these opinions involve Mr. Stratton's prognosis and future care, they all arose out of Dr. Mackey's treatment of Plaintiff. "Put another way, [Dr. Mackey's] opinion testimony arises not from his enlistment as an expert but, rather, from his ground-level involvement in the events giving rise to the litigation."[13] Thompson does not assert that Dr. Mackey is basing these

---

[9] See *Masters v. Safeco Ins. Co. of Am.*, No. 20-CV-00631-PAB-NRN, 2021 WL 4317112, at *3 (D. Colo. Sept. 23, 2021).

[10] *Seeley v. Home Depot U.S.A., Inc.*, No. 17-CV-00584-PAB-NYW, 2018 WL 4275375, at *3 (D. Colo. Sept. 7, 2018) (quotation marks omitted).

[11] *Munter v. Schmidt,* No. CV 17-21-BU-BMM, 2018 WL 4855460, at *1 (D. Mont. Oct. 5, 2018).

[12] Mackey Letter dated November 25, 2019, Exhibit B to Motion, docket no. 155-2, filed December 10, 2021.

[13] *Downey v. Bob's Disc. Furniture Holdings, Inc.*, 633 F.3d 1, 6 (1st Cir. 2011).

opinions on information besides that obtained from his treatment of Stratton.[14] Indeed, a review of Mr. Stratton's medical records, made contemporaneously during his treatment, reveal similar conclusions to that Dr. Mackey proposes to testify to. For example, Dr. Mackey noted during a clinic visit in January 2017 that Mr. Stratton would likely suffer hand impairment, cold intolerance, and weakness in the future.[15] He noted during a follow-up in September 2017 that he reasonably anticipated Mr. Stratton would need further surgical interventions in the future.[16]

Thompson argues that because Dr. Mackey's proposed testimony includes opinions on future treatment and prognosis, it goes beyond his role as a treating physician. But the argument that a treating physician can never testify to prognosis and causation is incorrect. On the contrary, such testimony is permissible so long as it arises from the physician's treatment of the patient.[17] Dr. Mackey's proposed testimony clearly arises from his treatment of Mr. Stratton. Although Thompson claims that "Dr. Mackey's discussion of Plaintiff's possible future treatment and physical therapy was not part of his treatment of Plaintiff" and was generated "at the request of counsel," the medical records show descriptions almost identical to Dr. Mackey's opinions. Dr. Mackey's delivery of these opinions in a letter to counsel, summarizing his medical opinions, does not transform Dr. Mackey from a treating physician to an expert specifically retained for litigation.[18] Even if Dr. Mackey had prepared that letter in anticipation of litigation, that does not mean he formed *his opinions* in anticipation for litigation.

---

[14] Thompson argues that Dr. Mackey did review an IME, but it does not appear any of his opinions were based on that IME. Even if Dr. Mackey reviewed the IME, that does not transform him into a retained expert if he does not based his testimony on it. See *Beal v. Allard*, No. 17-2112-DDC-GEB, 2018 WL 5884541, at *5 (D. Kan. Nov. 9, 2018).

[15] Mackey Medical Records of Stratton, Exhibit B to Opposition, docket no. 166-3, filed January 26, 2022, at 27.

[16] *Id*. at 31.

[17] *Wilks v. BNSF Ry. Co.*, No. CIV-18-080-KEW, 2021 WL 1236780, at *1 (E.D. Okla. Mar. 31, 2021).

[18] See *Hinkle v. Ford Motor Co.*, No. CIV.A. 3:11-24-DCR, 2013 WL 1992834, at *5-6 (E.D. Ky. May 13, 2013).

Counsel did not retain Dr. Mackey to provide testimony. Counsel is not paying Dr. Mackey for his testimony.[19] All indications are that Dr. Mackey's opinions and his involvement in this case are based entirely on his treatment of Mr. Stratton. Accordingly, he is not an "expert retained for litigation" and is not subject to the disclosure requirements of 26(a)(2)(B).

### Dr. Mackey's Opinions are Not Speculative

Thompson argues that because Dr. Mackey characterized his opinions as "likely" and "potential," his opinions were speculative and unreliable. This argument is not persuasive. Dr. Mackey stated that all his conclusions were made to a reasonable degree of medical probability.[20] Typically, the certainty of an expert's conclusions goes to the weight of his opinions, not their admissibility.[21] Counsel's elicitation of statements that Dr. Mackey believed there was only a "potential" that Mr. Stratton would require future treatment does not mean his opinions are speculative. In these circumstances, the degree of certainty he has in his opinions goes to the weight of his testimony and is best addressed on cross-examination.[22] Similarly, whether Dr. Mackey is aware of whether Mr. Stratton has received further treatment for his injuries goes to the weight, not the admissibility, of his testimony.[23] Therefore, Dr. Mackey's opinions are not speculative.

### CONCLUSION AND ORDER

IT IS HEREBY ORDERED that Thompson's Motion[24] is denied.

---

[19] Mackey Depo. at 9:2-16.

[20] Mackey Letter dated November 25, 2019; Mackey Depo. at 44:16-21.

[21] *Sinclair v. Hembree & Hodgson Constr., L.L.C.*, No. CIV-18-938-D, 2020 WL 6479172, at *4 (W.D. Okla. June 12, 2020).

[22] *Schlueter v. Ingram Barge Co.*, No. 3:16-CV-02079, 2019 WL 5683371, at *4 (M.D. Tenn. Nov. 1, 2019).

[23] *Randolph v. QuikTrip Corp.*, No. 16-1063-JPO, 2017 WL 2181120, at *2 (D. Kan. May 18, 2017).

[24] Docket no. 155, filed December 10, 2021.

Dated June 10, 2022.

BY THE COURT:

_____
David Nuffer
United States District Judge