THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| ZANE STRATTON,<br><br>    Plaintiff,<br><br>v.<br><br>THOMPSON/CENTER ARMS, INC, and DOES I-X,<br><br>    Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART [149] MOTION IN LIMINE**<br><br>Case No. 4:18-cv-00040-DN-PK<br><br>District Judge David Nuffer<br>Magistrate Judge Paul Kohler |

  Plaintiff Zane Stratton has filed a Motion to Limit the Testimony of Defense Expert Brad Townsend ("Motion"), arguing that Mr. Townsend's proposed testimony on Mr. Stratton's economic damages goes beyond Mr. Townsend's qualifications and should therefore be precluded.[1] Defendant Thompson/Center Arms ("Thompson") filed a response, arguing that Mr. Townsend is testifying based off his economic expertise.[2] Plaintiff filed a reply in support of the Motion.[3] For the following reasons, the Motion will be GRANTED IN PART and DENIED IN PART. Mr. Townsend may testify, based on his economic expertise, that Mr. Stratton has not experienced an earning impairment at this time. However, Mr. Townsend may not testify to whether Mr. Stratton has actually suffered a vocational impairment, or whether he will suffer a

---

[1] Plaintiff's Motion in Limine to Limit the Testimony of Defense Expert Brad Townsend, docket no. 149, fled December 10, 2021.

[2] Opposition to Plaintiff's Motion in Limine to Limit the Testimony of Defense Expert Brad Townsend, docket no. 168, filed January 26, 2022.

[3] Reply Memorandum in Support of Plaintiff's Motion in Limine to Limit the Testimony of Defense Expert Brad Townsend, docket no. 176, filed February 8, 2022.

vocational impairment in the future. Mr. Townsend may also not testify to whether Mr. Stratton will suffer an earnings impairment in the future.

Much of Mr. Townsend's report deals with his criticism of the economic analysis of Plaintiff's vocational experts. So long as Mr. Townsend is not opining on Mr. Stratton's actual ability to work, but instead opining on the purported economic flaws in the vocational experts' economic analysis, this order does not affect those opinions. However, an order entered concurrently removes most of the issues Mr. Townsend raises regarding Plaintiff's vocational experts' testimony about Mr. Stratton's worklife expectancy.[4]

## BACKGROUND

This action arises out of injuries Mr. Stratton suffered resulting from a muzzleloading rifle explosion in Cedar City, Utah in September 2017. Mr. Townsend was retained by Thompson to offer testimony on Mr. Stratton's economic losses and opine on other experts' economic opinions.[5]

## DISCUSSION

Under Federal Rules of Evidence 702 and *Daubert*,[6] an expert must be "qualified by knowledge, skill, experience, training, or education' to render an opinion.[7] Once an expert has been established as qualified in a subject area, he "must testify within the reasonable confines of his subject area."[8]

---

[4] Memorandum Decision and Order Limiting Testimony by Vocational Experts, docket no. 208, filed August 26, 2022.

[5] Defendant's Updated Disclosure of Expert Testimony, docket no. 131, filed May 5, 2021, at 5.

[6] *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993).

[7] *Ralston v. Smith & Nephew Richards, Inc.*, 275 F.3d 965, 969 (10th Cir. 2001) (quoting Fed. R. Evid. 702).

[8] *Scottsdale Ins. Co. v. Deere & Co.*, 115 F. Supp. 3d 1298, 1303 (D. Kan. 2015).

Mr. Townsend has been offered by Thompson as an economic expert and an expert in forensic accounting.[9] Plaintiff does not challenge his expertise in these areas. Instead, Plaintiff argues that Mr. Townsend's opinions concerning the accident's effects on Mr. Stratton's income go beyond his qualifications. Plaintiff's arguments are mostly unpersuasive.

Mr. Townsend is well qualified in the field of forensic accounting and economics. Most of his proposed testimony is rooted within this field. Plaintiff argues that Mr. Townsend is opining that Mr. Stratton has a work disability. That characterization of Mr. Townsend's anticipated testimony appears inaccurate. Instead, Mr. Townsend's testimony largely concerns whether there is financial evidence of any type of past earning impairment.[10] These opinions, which Mr. Townsend bases on a review of Mr. Stratton's past earnings, are well within the field of forensic accounting. If Plaintiff feels that Mr. Townsend's testimony on Mr. Stratton's earning impairments unduly strays into the field of vocational rehabilitation, such arguments are better explored on cross-examination than in a motion to exclude.

If Mr. Townsend intends to testify to Mr. Stratton's actual ability to work, now and in the future, that testimony is beyond the scope of his expertise.  That testimony would require expertise in the field of vocational rehabilitation or medicine, which Mr. Townsend readily concedes are fields he is not qualified in.[11] Mr. Townsend also agrees that he is not qualified to prospectively determine whether Mr. Stratton will have an earning impairment in the future.[12]

Certain parts of Mr. Townsend's reports do appear to go to Mr. Stratton's actual ability to work, as opposed to whether he historically has had an earning impairment. In his report, Mr.

---

[9] Defendant's Updated Disclosure of Expert Testimony at 5.

[10] See Townsend Report, Exhibit D to Motion, docket no. 149-4, filed December 10, 2021.

[11] Deposition of R. Brad Townsend dated June 24, 2021 ("Townsend Depo."), Exhibit C to Motion, docket no. 149-3, filed December 10, 2021, at 7:19-8:22.

[12] Townsend Depo. at 8:23-9:10; 15:21-16:20.

Townsend opines that Mr. Stratton has "demonstrated no such reduced ability to work,"[13] that Mr. Stratton has "adapted his work to fit his injury,"[14] and that there is "no reasonable basis at this point in time to conclude he will incur a diminished work-life in the future."[15] Mr. Townsend also opines that the vocational evaluation of Mark Hedrick, Thompson's vocational expert, is "consistent with Mr. Stratton's post-accident work habits and abilities."[16] This testimony goes beyond Mr. Townsend's expertise in forensic economics. In other words, the testimony goes beyond an opinion about a past earning impairment, and into whether Mr. Stratton is actually vocationally impaired or will become impaired in the future. Therefore, Mr. Townsend will be precluded from this testimony. Mr. Townsend also may not opine on whether Mr. Stratton will have an earning impairment in the future, consistent with his averment that such testimony is outside his area of expertise.[17]

What Mr. Townsend specifically intends to offer criticizing Plaintiff's vocational experts is somewhat unclear at the moment, due to the recent order precluding much of their testimony. On one hand, Mr. Townsend readily agrees that he is not qualified to testify to future earnings loss, which is the primary function of the vocational experts' testimony.[18] On the other hand, most of the Vocational Experts' testimony which deals with Mr. Stratton's future loss of earnings has been precluded, and we do not know if they will present permitted testimony.[19] Mr. Townsend may offer criticism of the vocational experts' remaining testimony, so long as he

---

[13] Townsend Report at 4.

[14] *Id*. at 6.

[15] *Id*.

[16] *Id*. at 4.

[17] Townsend Depo. at 8:23-9:10; 15:21-16:20.

[18] Townsend Depo. at 15:21-17:1; 18:6-23.

[19] Memorandum Decision and Order Limiting Testimony by Vocational Experts, docket no. 208, filed August 26, 2022.

confines himself to their economic analysis and their opinions on Mr. Stratton's prior earning impairments. If his testimony at trial segues from the field of forensic economics into vocational testimony, Plaintiff may raise an objection at that time.

Finally, Plaintiff argues that Mr. Townsend's opinions are unreliable and speculative. However, he raises this argument for the first time in the reply.[20] Therefore, consideration of this argument is not appropriate.[21]

## CONCLUSION AND ORDER

IT IS HEREBY ORDERED that Plaintiff's Motion[22] is DENIED IN PART and GRANTED IN PART. Mr. Townsend may offer testimony on whether economic data shows that Mr. Stratton has had an earning impairment. He may not testify that Mr. Stratton actually has (or does not have) a vocational impairment, or whether he will have a vocational or earning impairment in the future. He may opine on the economic models the Vocational Experts are permitted to use, but he may not opine that those models do or do not show that Mr. Stratton will have a future earnings impairment.

Dated August 26, 2022.

BY THE COURT:

David Nuffer
United States District Judge

---

[20] Reply at 5.

[21] *Rodriguez v. Cascade Collections LLC*, 532 F. Supp. 3d 1099, 1119 (D. Utah 2021).

[22] Plaintiff's Motion in Limine to Limit the Testimony of Defense Expert Brad Townsend, docket no. 149, filed December 10, 2021.